## SOLOMON BENNETT

*v.*

## GEORGE C. McFADDEN *et al.*

1. CHANCERY—*practice upon sustaining a motion to dissolve an injunction.* Where the court, upon a motion made to dissolve an injunction for want of equity in the bill, sustains the motion, dissolves the injunction and dismisses the bill, the allegations of the bill are to be taken as true, the same as upon a demurrer.

2. SAME—*injunction—cloud on title.* Equity will entertain a bill to restrain, by injunction, the sale of lands on execution, for the purpose of preventing the creation of a cloud upon the complainant's title.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

This was a bill in chancery, filed by Solomon Bennett, on the 31st of May, 1866, in the Peoria circuit court, against McFadden, sheriff of Peoria county, and others, to enjoin the sale of Bennett's lot, to satisfy an execution in favor of Selz *et al.* against Israel Bennett. An injunction was granted. Afterwards, on motion of the defendants, the injunction was dissolved, and a change of venue taken to Woodford county, and upon a hearing the bill was dismissed, and $50 damages were awarded in favor of defendants by reason of the alleged wrongful suing out of said injunction.

The complainant brings the record to this court.

The bill alleges that the complainant had been, since the 16th day of May, 1865, the owner in fee simple, and possessed of lot 4, block 37, in Munso & Sanford's addition to the city of Peoria; that on the 23d of May, 1866, George C. McFadden, sheriff of Peoria county, by virtue of four executions from Cook county, dated 18th May, 1866, all in favor of Morris Selz and Abraham Cohen, and against Israel Bennett, levied upon said lot, claiming the same as the property of Israel Bennett. Copies of executions, levies, etc., attached to bill as exhibits.

The bill also alleges that complainant is the legal as well as the equitable owner of said lot; that said Israel Bennett has not now, nor never has had any interest whatever, either. in law or equity, in said premises, and that the same are not liable to levy and sale under said ·execution; that said sheriff is threatening to sell said lot under and by said executions, and has actually advertised the same for sale, and threatens to and will sell the same at public auction on the 14th day of June, A. D. 1866, at the front door of the court house in the county of Peoria, unless said sheriff is restrained from making said sale by an order of court.   Copy of advertisement is attached to bill as exhibit "E."

The bill further alleges that, if said McFadden is permitted to proceed with said sale so advertised, and files in the office of the clerk of the circuit court of Peoria county certificates of purchase therefor, it will greatly embarrass, cloud and cast suspicion upon the title of the complainant to said premises, and prevent him from selling it at as fair price as he could do if said cloud upon his title was prevented by an injunction; that said levy, advertisement and threatened sale are instigated by said Morris Selz and Abraham Cohen, the plaintiffs in said executions, for the purpose of injuring and harrassing the complainant, and with the fraudulent intention of casting a suspicion and cloud on his title to said premises.

Prayer for an injunction to restrain the sheriff from selling said premises by virtue of said executions, and from attempting to enforce said levy or embarrassing complainant's title to said premises.

Messrs. INGERSOLL & McCUNE, and Mr. S. D. PUTERBAUGH, for the plaintiff in error.

Messrs. WEAD & JACK, for the defendants in error.

Per CURIAM:   Where the court, upon a motion made to dissolve an injunction for want of equity in the bill, sustains the motion, dissolves the injunction and dismisses the bill, the

allegations of the bill are to be taken as true, the same as upon a demurrer. The matters alleged in the bill in this case bring it within the principle of the case of *Christie et al.* v. *Hale*, 46 Ill. 117.

The court below erred in dissolving the injunction and dismissing the bill for want of equity, and the decree must be reversed and the cause remanded.

*Decree reversed.*