## City of Chicago v. John Farson, et al.

### Gen. No. 11,901.

1. INJUNCTION—*when should not be granted without notice.* An interlocutory injunction should not be granted without notice to the defendant unless it appears by facts averred in a verified bill or in the affidavit accompanying the same that the rights of the complainant will be unduly prejudiced if the injunction is not so issued.

2. INJUNCTION—*when should not be granted against municipality without notice.* An interlocutory injunction should not be granted against a municipality without notice to it except in a very clear case of urgency.

Proceeding for interlocutory injunction. Appeal from the Superior Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1904. Reversed. Opinion filed February 20, 1905.

JOHN W. BECKWITH, Assistant Corporation Counsel, for appellant ; EDGAR BRONSON TOLMAN, Corporation Counsel, of counsel.

MILLS, GORHAM & MILLS, for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from an interlocutory injunction, granted on bill filed by appellee and a number of other persons, praying that the appellant be restrained from enforcing certain ordinances in regard to automobiles, set out in the bill. The injunction was granted without notice to appellant, and it is contended that so granting it was wrongful and erroneous.

Section 3 of chapter 69 of the Revised Statutes, in regard to injunctions, is as follows: "No court, judge or master shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear from the bill or affidavit accompanying the same that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately, or without notice."

The affidavit of the truth of the bill, etc., is as follows:

"John Farson, being first duly sworn, deposes and says: That he is one of the complainants in the above and foregoing bill of complaint, filed in his own behalf and on behalf of the complainants herein and of others similarly situated with them; that he has read the above and foregoing bill of complaint and that the matters and things therein alleged and set forth are true; that irreparable damage will be done the complainants in said bill unless an injunction is issued immediately and without notice to said defendant.

JOHN FARSON.

Subscribed and sworn to before me this 11th day of August, A. D. 1904.

CHESTER B. MASSLICH,

[SEAL]                                          Notary Public."

The language of Section 3 is, "unless it shall appear from the bill, or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced," etc. Considering the affidavit alone, it certainly does not appear from it that the rights of the complainants will be unduly prejudiced, unless an injunction should issue without notice. No facts are stated in the affidavit from which it can be inferred that the rights of the complainant would be unduly prejudiced if notice should be given. The statement as to irreparable damage is not a statement of fact, within the meaning of the law. It is merely a statement of Mr. Farson's conclusion or opinion. Whether the complainants would or not have been unduly prejudiced had notice been given, was a question for the court, and the answer was to be determined from facts stated. However, the bill is sworn to, and it is sufficient if the facts stated in it are such as to warrant the conclusion that the complainants would have been unduly prejudiced had notice been given. We have read and carefully considered the bill, which is quite lengthy, and are of opinion that there are no facts stated in it warranting the conclusion that the complainants would have been unduly prejudiced had notice of application for an injunction been given. It appears from the record that the injunction was granted on the

recommendation of a master, and it is at least doubtful whether the presiding judge, in the hurry of business, read the bill.   His memorandum, next following the affidavit, is : "Let the injunction issue as recommended."

We think that in the case of a municipal corporation such as appellant, an injunction should not be granted without notice, except in a very clear case of urgency.

It is known to the writer that the Honorable John M. Wilson, who was judge of the old Court of Common Pleas, and afteward one of the judges of the Superior Court of Cook County, and who was a most distinguished, learned and able judge, refused, as a rule, to grant an injunction against a municipal corporation without notice.   We do not think it reasonably supposable that had the City been notified of the intended application, in the present case, it would have attempted to do anything prejudicial to the rights of the complainants in the premises.

The decree will be reversed.

*Reversed.*