### The M. M. Mitchell Company v. Minnette M. Mitchell.

#### Gen. No. 13,294.

1. BILL OF COMPLAINT—*what not sufficient averment of embezzlement.* A bill of complaint seeking to enforce a negative covenant contained in a contract of service which alleges that the resignation of the defendant was requested "on account of embezzlement by her," does not aver embezzlement as excusing or justifying the request for resignation and as precluding the defense of first breach by the complainant.

2. RESTRAINT OF TRADE—*what essential to enforcement of covenants in.* Covenants in restraint of trade are not favored, and when sought to be enforced must not only be reasonable, but within the strict letter of the contract in virtue of which such right is sought to be compelled by the aid of a court of chancery.

Bill for injunction. Appeal from the Circuit Court of Cook county; the Hon. CHARLES M. WALKER, Judge, presiding. Heard in this court at the October term, 1906. Affirmed. Opinion filed May 31, 1907.

JONES, ADDINGTON & AMES, for appellant; W. CLYDE JONES and KEENE H. ADDINGTON, of counsel.

JOHN R. PHILP and W. S. JOHNSON, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order dissolving a temporary injunction and dismissing the bill for want of equity.

Appellant is a corporation engaged in loaning money to wage earners at exorbitant and usurious rates of interest, and on the 12th of May, 1905, made an agreement of employment with appellee for her

personal service in its business at a wage of $25 per week, service to commence on the first day of September, 1905, and to end on the last day of August, 1906. At the termination of the contract by efflux of time appellee was to have a bonus of $200.

The clause of the contract under which relief is prayed reads:

"That first party shall have the right to use the name of second party as M. M. Mitchell, Mrs. M. M. Mitchell, or in some other form combining the second party's name in whole or in part in the conduct of said business, and that the right to use the said name shall continue for the full term of one year after the 31st day of August, 1906, and that second party will not, except in connection with first party, engage in the loan business in the city of Chicago, at any time prior to the 31st day of August, 1907, either in her own name or in the name or employ of any other person."

The bill was filed May 18, 1906, and sought to enjoin appellee from engaging in the loan business in the city of Chicago at any time prior to August 31, 1907, either in her own name or in the name or employ of any other person.

The bill avers *inter alia* that on March 6, 1906, appellant demanded the resignation of appellee on account of embezzlement by her, and that, disregarding the contract, she "has engaged and is now engaging in the loan business in the city of Chicago."

We are unable to interpret this language, in the absence of any further averment, or hold it as susceptible to any other interpretation than that appellant voluntarily by the request of appellee's resignation, broke the contract and ended it. The averment that appellee's resignation was requested "on account of embezzlement by her" falls far short of a charge of embezzlement against her and amounts to nothing more than an excuse for terminating the contract. We cannot assume appellee to have been guilty of the crime of embezzlement in the absence of allegations

of facts which if true and susceptible of proof, would be sufficient to fasten a charge of embezzlement upon her. Appellant cannot justify a breach of the contract in the absence of conditions which in law would warrant such action. The contract being broken by appellant without right operated to relieve appellee from the further performance of any covenant restricting her from engaging in business of the same nature as that for which appellant was incorporated. Covenants in restraint of trade are not favored, and when sought to be enforced must not only be reasonable, but within the strict letter of the contract in virtue of which such right is sought to be compelled by the aid of a court of conscience, which in the case at bar appellant invoked.

The bill, unsupported by any averment of fact, does not entitle appellant to the relief prayed, and in this condition and in the absence of any application to amend, it was the duty of the chancellor, upon motion made by appellee, to dismiss the same for want of equity. What is claimed to constitute a charge of embezzlement is but the conclusion of the pleader, to support which no fact is charged. This is wholly insufficient. City of Chicago v. Farson, 118 Ill. App. 291.

There being no averment of fact entitling appellant to an injunction, it was, to say the least, improvident to issue it without notice to appellee. Commerce Vault Co. v. Hurd, 73 Ill. App. 107.

The decree of the Circuit Court dissolving the injunction and dismissing the bill for want of equity was right, and it is affirmed.

<em>Affirmed.</em>