### Burton F. White v. Young Men's Christian Association of Chicago.

#### Gen. No. 13,521.

1. LANDLORD AND TENANT—*when latter not entitled to occupancy without payment of rent.* Where a demise is made in connection with a covenant to install an adequate system of ventilation, possession cannot be retained without the payment of rent, even though such covenant is breached.

2. EQUITY—*when avoidance of multiplicity of suits does not confer jurisdiction upon.* The fact that unless equity assumes jurisdiction a number of distress warrants may be levied, or a number of suits for rent brought, does not confer jurisdiction. In order successfully to invoke the jurisdiction of equity to prevent a multiplicity of suits, it must appear that the threatened suits are to be brought, not by the same, but by different, parties.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed December 2, 1907.

O'BRYAN & MARSHALL and HENRY C. NOYES, for appellant.

CHENEY & EVANS, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from a decree dissolving a tempo-

rary injunction and dismissing a bill, as amended, filed by appellant against appellee. The bill is quite lengthy. In using the word ''bill'' the reference will be to the bill as amended.

It appears from the bill that the appellant was, for thirteen years prior to May 1, 1905, in possession of the basement of the premises known as number 153 LaSalle street, in the city of Chicago, as tenant of appellee, and used said premises as a restaurant and cafe. By a written lease of date April 11, 1905, appellee leased to appellant the said premises to be used as and for a restaurant and cafe for a term from May 1, 1905, to and including April 30, 1910, for a total rental of $21,000, payable in monthly installments of $350 on the first day of each calendar month of the term, in advance. Annexed to and made a part of the lease is an exhibit containing certain agreements, among which are the following:

''The lessor agrees to install a complete system of ventilation as per specifications of Andrews & Johnson Company; to change the location of pipes as agreed upon; to put in new ceiling and rewire the same, using ceiling clusters; replaster the side walls where necessary; make necessary repairs to the plumbing; repair entrance doors and locks and marble; arrange entrance doors so as to swing outward; make new entrance to men's toilet, direct from vestibule of main entrance; make necessary marble repairs in dining room and cement floors; to paint entire premises once each year at such time as shall seem best to the lessor, and to make such part of necessary repairs as shall from time to time be agreed upon between said lessor and said lessee.

''Lessor agrees to furnish power free of charge for operating the Andrews & Johnson exhaust fan in the east end of the premises for the purpose of ventilating said demised basement premises, and for the new ventilating apparatus, which the lessor herein agrees to install.

''It is agreed that the conditions, agreements and

understandings herein referred to are subject to all the provisions of the lease, to which this exhibit is attached and of which it is hereby made a part.''

In the bill it is averred that a ventilating plant was installed in the premises by the Andrews & Johnson Co., which is wholly inadequate to ventilate the premises, and is not in accordance with the specifications, and the bill sets out things required by the specifications and points out wherein the installed plant differs from the specifications, and also sets out certain letters which tend to prove that appellant was aware that the ventilating plant is inadequate and not in accordance with the specifications. The bill avers that appellant's business has been greatly damaged by reason of appellee's failure to install an adequate ventilating plant as by it agreed; that his said restaurant business has been located in the said premises for several years, and that he has acquired a large trade in said neighborhood, and that the good will of said business and the value thereof would be greatly damaged and diminished by his removal from said premises, and that, therefore, it is impossible for this complainant to remove from said premises without great pecuniary loss and damage.''

It appears from the bill that appellant remained in possession of the demised premises after the execution of the lease, and was in such possession September 7, 1906, when the bill was filed, and that during said time the amount of rent paid by him was $800 in all.

It further appears from the bill that appellee threatened to levy a distress warrant on several restaurants owned by appellant unless appellant would pay rent due by the terms of the lease, and that a notice to that effect was sent to appellant by appellee's attorney, dated August 4, 1906. He prays ''that the Young Men's Christian Association of Chicago, Illinois, its attorneys and agents, be immediately, and without notice, enjoined from entering or attempting

to enter complainant's premises, as aforesaid, and from dispossessing, or attempting to dispossess, and from in any manner interfering with complainant, with respect to said premises, and from commencing or prosecuting any suit against complainant for possession of the premises in question, or from levying a distress warrant on said premises as threatened.''

A temporary injunction as prayed was ordered and issued, which, on motion of appellee, the court dissolved and dismissed the bill.

The contentions of appellant's counsel are: (1) that the covenant of appellant to pay rent was in consideration of both the demise and the agreement to install a complete system of ventilation for the premises leased, and that the covenants were mutual and dependent, and that the agreement to install said system of ventilation was a condition precedent to appellant's liability to pay rent; and (2) that appellant has not a complete and adequate remedy at law, and that a court of equity will entertain jurisdiction to give complete relief, and prevent appellant from suffering irreparable injury and from being compelled to defend a multiplicity of suits.

The greater part of the printed argument of counsel for appellant is directed to the first contention. In view of the facts of the case as stated in the bill, we do not think it material whether appellee's agreement to install a ventilating plant in the premises is or not a dependent agreement, or a condition precedent to appellant's liability for the rent. At the time appellant filed his bill, September 7, 1906, he had been in possession of the premises from May 1, 1905, more than one year and four months. It is apparent from the bill and the argument of appellant's counsel, that appellant's claim is that he can legally continue in the possession and enjoyment of the demised premises as they now are without payment of any rent, until such time as an adequate ventilating plant shall be installed in the premises by appellee. This claim can-

not be sustained. Keating v. Springer, 146 Ill. 481, was a suit for rent accruing due while the tenant was in possession, and it appeared that the landlord, Springer, had violated a covenant in the lease, which was that he would not build at the rear of the leased premises nearer than twenty-five feet, and that no obstruction higher than six feet should be placed in such manner as to obstruct light to the demised premises. The court (p. 495) say: "If the acts of the landlord are such as merely tend to diminish the beneficial enjoyment of the premises, the tenant is still bound for the rent, if he continues to occupy the premises. Unless he abandons the premises, his obligation to pay the rent remains. (Skally v. Shute, 132 Mass. 267.) We said in Chicago Legal News Co. v. Browne, 103 Ill. 317: 'The rule is well settled that the wrongful act of the landlord does not debar him from a recovery of rent, unless the tenant by such act has been deprived in whole or in part of the possession, either actually or constructively, or the premises rendered useless. Edgerton v. Page, 20 N. Y. 284; Halligan v. Wade, 21 Ill. 470; Leadbeater v. Roth, 25 *id.,* 587.'" The court also held that the tenant could recoup such damages as he may have suffered by reason of the landlord's violation of his covenant, saying: "The doctrine of recoupment is recognized in this state, and has been applied in proceedings begun by the issuance of distress warrants and in actions for rent," citing Wright v. Lattin, 38 Ill. 293; Lindley v. Miller, 67 *ib.* 244; Lynch v. Baldwin, 69 *ib.* 210, and Pepper v. Rowley, 73 *ib.* 262. See, also, Lunn v. Gage, 37 Ill. 19, in which the court, on page 28, say: "We said in Wright v. Latin (decided at the present term), that it may be, if the landlord covenants to repair before the term commences, and fails to do so, the tenant might refuse to enter upon the premises. But having entered under the lease, and received possession, he cannot abandon the lease and refuse to pay rent, because of the breach of that or any other covenant, except for quiet en-

joyment. If the landlord fails to repair, according to his covenant, the tenant may recoup the amount of damages, thus sustained, from the rent, or he may sue upon the covenant.''

The consideration for appellant's covenants were twofold, viz., the demise of the premises and appellee's agreement to install a ventilating plant. This is admitted by appellant's counsel in the statement of their first contention. In Palmer v. Meriden Britannia Co., 188 Ill. 522, the court, after showing that the appellee had broken its covenant only as to part of the consideration, uses this language: ''Where the plaintiff's covenant goes only to part of the consideration, and a breach of the covenants can be compensated in damages, the defendant cannot rely upon the covenant as a condition precedent, but must perform the covenant on his part, and then rely upon his claim for damages for any breach of the covenant by the other party, either by way of recoupment or in a separate action.'' *Ib.* 522. See, also, Rubens v. Hill, 213 Ill. 523.

Appellant's claim for damages by reason of appellee's alleged failure to install an adequate ventilating plant, is susceptible of proof at law. By multiplicity of suits appellant's counsel can only mean that a number of distress warrants may be levied or suits brought by appellee for installments of rent. This does not warrant interference by a court of equity. ''To warrant interference upon the ground of multiplicity of suits there must be different persons assailing the same rights, and not a mere repetition of the same trespass by the same person, the case being susceptible of compensation in damages. It is well settled, that if the right is disputed between two persons only, not for themselves and all others interested, but for themselves alone, the bill will be dismissed.'' Gen. Ry. Co. v. C. B. & Q. R'd Co., 181 Ill. 605, 614, citing Chicago Public Stock Exchange v. McClaughry, 148 Ill. 372.

Appellant has it in his own power to prevent numerous suits against him for rent by appellee. If de-

feated in one such suit, he can pay rent subsequently accruing as it falls due, without suit.

The court did not err in dismissing appellant's bill, and the decree will be affirmed.

*Affirmed.*