BURTON F. WHITE, Appellant, *vs.* THE YOUNG MEN'S CHRISTIAN ASSOCIATION OF CHICAGO, Appellee.

*Opinion filed April 23, 1908.*

1. PLEADING—*when motion to dissolve injunction has effect of a demurrer.* A motion to dissolve an injunction for want of equity apparent on the face of the bill has the same effect as a demurrer, and the facts well pleaded in the bill, but not the conclusions of the pleader, are admitted.

2. INJUNCTION—*when a breach of alleged condition precedent does not justify enjoining suits on lease.* A breach by the lessor of an agreement to install a certain type of ventilating plant in the premises does not justify a court of equity in enjoining suits at

law on the lease upon the ground that the agreement is a condition precedent to the payment of rent, since in such case a court of law would take cognizance of and allow the lessee his defense in any action of forcible detainer or for rent, by distress or otherwise.

3. SAME—*when alleged irreparable injury does not justify injunction.* Alleged irreparable injury on account of heat, odors and other things affecting the patronage of the lessee's restaurant, due to the lessor's failure to perform its agreement to put in a proper ventilating system, does not justify enjoining the lessor from bringing any suit at law on the lease, since if such damages may be set off or recouped from the rent they are ascertainable at law.

4. SAME—*when a court of equity will not enjoin suit by lessor.* A breach, by the lessor, of a covenant which is not a condition precedent to the payment of rent does not authorize the lessee to continue to occupy the premises without paying rent nor justify a court of equity in enjoining the bringing of any action at law by the lessor in which the lessee might have his damages allowed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

O'BRYAN & MARSHALL, for appellant.

CHENEY & EVANS, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The superior court of Cook county sustained the motion of the Young Men's Christian Association, appellee, to dissolve, for want of equity apparent on the face of the bill, the injunction granted by said court restraining appellee from bringing suits at law against Burton F. White, appellant, on a lease. An injunction being the only relief prayed for, the bill was dismissed at appellant's costs. Appellant took an appeal to the Appellate Court for the First District, and the decree being affirmed by that court he prosecuted a further appeal to this court.

The motion to dissolve having been based on a want of equity apparent on the face of the bill it had the same effect as a demurrer, and the facts stated in the bill are to be taken as true. (*Bennett* v. *McFadden,* 61 Ill. 334.) Conclusions of the pleader were not admitted by the motion, but only facts which were well pleaded.

The material facts stated are, that the complainant, on April 11, 1905, leased from the defendant the basement at 153 LaSalle street, in Chicago, to be used as a restaurant and cafe, and which he had occupied for many years for such use; that the lease was from May 1, 1905, to April 30, 1910, inclusive, at a total rent of $21,000, payable in monthly installments of $350, in advance; that defendant, by the lease, agreed to install in the leased premises a complete system of ventilation, as per specifications of the Andrews & Johnson Company; that defendant installed a plant which was inadequate and not equal to the specifications, by reason of which complainant was greatly damaged in certain particulars pointed out in the bill; that complainant's restaurant business had been located in the same premises for many years and he had acquired a large trade in the neighborhood; that the good will and business would be greatly damaged and diminished by his removal from the neighborhood; that the defendant admitted that the ventilation was inadequate and had induced complainant to remain on promises to properly ventilate the premises; that complainant remained in possession of the premises from the commencement of the lease to the date of filing the bill, on September 17, 1906, and during that time had paid $800 on the rent; that defendant had served a five days' notice on complainant to quit and threatened to bring suit to dispossess him; that on an accounting nothing would be found due the defendant, and that defendant threatened to levy a distress warrant on several restaurants owned by complainant unless he would pay rent according to the terms of the lease. The complainant alleged that the covenant to install a sys-

tem of ventilation was a condition precedent to the payment of any rent; that he would suffer irreparable loss and injury by the defendant entering and taking possession of the premises, and that unless the defendant were enjoined there would be a multiplicity of suits arising out of the controversy. The injunction which was dissolved restrained the defendant from dispossessing or attempting to dispossess the complainant or commencing or prosecuting any suit for rent.

The grounds relied upon in the bill as reasons why an injunction should be granted were, that the agreement to install a ventilating system according to the specifications was a condition precedent to the obligation to pay rent; that unless the defendant should be restrained from bringing suits the complainant would suffer irreparable injury because his damages were incapable of estimation by any pecuniary standard, and that unless an injunction should be granted there would be a multiplicity of suits, which would interfere with complainant's business and vex and harass him. The facts stated in the bill are not sufficient to authorize an injunction on either of these grounds. If the covenant to install a system of ventilation was a condition precedent to the payment of rent, the defense could be made in a suit at law. If the complainant was entitled to retain the possession and use of the property without payment of rent until a sufficient ventilating system should be installed, he could defeat an action of forcible detainer or an action for rent by distress or otherwise. In case of a distraint the property may be released upon giving a bond, and the defendant may avail himself of any set-off or other defense which would have been proper if the suit had been for rent in any other form of action and with like effect. As a court of law would take cognizance of and allow the complainant his defense, a court of equity would not restrain an action at law. (*Catholic Bishop of Chicago* v. *Chiniquy,* 74 Ill. 317.) If the complainant was bound by his covenant to pay rent but he suffered damages, as alleged in the bill, from a

233—34

failure of the defendant to comply with its covenant, he can set up such damages by way of recoupment in an action at law. (*Lindley* v. *Miller,* 67 Ill. 244.) The bill alleged that complainant had suffered irreparable injury on account of the heat, odors and other things affecting the patronage of the restaurant, resulting from a failure of the defendant to properly ventilate the premises; but if such damages are to be set off or recouped from rent they are as easily ascertainable at law as in equity. If the complainant owed any rent the court would not enjoin the bringing of an action to recover it, in which the complainant could have his damages allowed to him. According to the bill the complainant had been in possession of the premises from May 1, 1905, to September 7, 1906, and had only paid $800 on the rent. He alleged that he would suffer irreparable injury by removal from the premises; but that could only be so if the use of the premises was of value to him. Unless the agreement to ventilate was a condition precedent, the default of the defendant only related to a part of the consideration, and the complainant having continued to occupy the premises could not refuse to pay rent because of the breach of the agreement. (*Chicago Legal News Co.* v. *Browne,* 103 Ill. 317; *Palmer* v. *Meriden Britannia Co.* 188 id. 508; *Rubens* v. *Hill,* 213 id. 523.) The bill does not show that a multiplicity of suits, either simultaneous or successive, are threatened or will ensue. The first suit might settle the entire controversy. The ventilating system might be made satisfactory and the damages cease. If the covenant for ventilation should be held not a condition precedent, the complainant could pay rent and bring his action for damages on account of the breach of the covenant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*