FREDERICK C. JORGESON, Appellant, *vs.* WILLIAM P. HOCK *et al.* Appellees.

*Opinion filed June 18, 1908.*

1. LANDLORD AND TENANT—*lessee desiring to rescind lease for fraud must act promptly.* A court of equity should not decree the cancellation of a lease for a term of years upon the ground of false representations as to the condition of repair of the boiler, engine and steam pipes, where the lessee, instead of seeking to rescind the lease promptly upon discovering the condition of the boiler, engine and steam pipes, continued to occupy and pay rent for the premises for over two years.

2. SAME—*when lease should not be canceled because lessor does not own the premises.* The fact that leased premises are in fact owned by the lessor's wife is not ground for cancellation of the lease in equity nor for enjoining the entry of judgments by confession for accruing rent, where the lessee was never disturbed in his possession nor threatened with any interference by the true owner, and where he did not abandon the premises on that ground but because the lessor refused to put in a new boiler, as he agreed to do, after the lease was executed.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

PARKER & HAGAN, for appellant.

P. L. O'MEARA, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Frederick C. Jorgeson, filed his bill of complaint in the circuit court of Cook county against the appellees, William P. Hock and Wilhelmine P. Hock, praying for the cancellation of a lease of a four-story and basement building at 208-210 West Lake street, in Chicago, executed by said William P. Hock to the appellant, on ac-

count of alleged false and fraudulent representations of the said William P. Hock that the boiler, engine and steam pipes on the premises were in good order and repair and on the ground that the premises were not owned by said William P. Hock but were the property of his wife, the appellee Wilhelmine P. Hock, and also praying for a temporary injunction restraining the appellees from entering judgment by confession for accruing rent under a power of attorney contained in the lease. A temporary injunction was issued, and at a final hearing upon exceptions to a master's report the injunction was made perpetual and the lease was set aside and canceled. The appellees appealed to the Appellate Court for the First District, and that court reversed the decree and remanded the cause, with directions to the circuit court to dismiss the bill for want of equity. From the judgment of the Appellate Court this appeal was prosecuted.

The premises leased were to be occupied by complainant for the manufacture of store and office fixtures, and the lease, which was under seal and dated September 9, 1902, was for a term from October 1, 1902, to April 30, 1908, at a total rental of $11,725, payable monthly in advance, in installments of $175 each, and complainant was to furnish to Mr. Hock two horse power in the adjoining premises while the plant was in operation. The lease contained a power of attorney to confess judgment from time to time for any rent that might be due. The complainant took possession and occupied the premises for two years and three months, paying the rent from month to month up to and including December, 1904. The evidence for the complainant was, that a few days before the lease was executed William P. Hock made representations that the boiler, engine and steam pipes on the premises were in good order and repair; that the representations were not true, and that after the complainant took possession he discovered that the representations were false, and that the boiler, engine and steam

pipes were not in good order or repair. Notwithstanding this knowledge he continued to occupy the premises, and in May, 1904, the boiler was inspected by an inspector from the city hall, who ordered the complainant to shut it down. The complainant and William P. Hock went to the office of the city inspector and were informed that a new boiler must be put in, which said Hock then agreed to do within four months. The city authorities then gave a permit to use the boiler at a reduced pressure for that length of time, provided it was temporarily repaired. The boiler was shut down one week for repairs and was then run at forty instead of sixty-five pounds pressure. The new boiler was not put in, and on November 30, 1904, William P. Hock received a letter, which he handed to complainant, stating that the boiler must be shut down. Hock refused to put in a new one, and on December 20, 1904, the boiler was shut down by the city authorities. Complainant vacated the premises, and on December 24, 1904, sent the keys to William P. Hock. The premises were owned by the defendant Wilhelmine P. Hock and not by William P. Hock, who executed the lease, but the complainant did not learn of that fact until after he had moved out. The defendants threatened to have judgment entered against the complainant for rent under the power of attorney.

The representations which were alleged to be false and fraudulent were made before the lease was executed, and in the lease the complainant covenanted and agreed that he had examined and knew the condition of the premises and had received the same in good order and repair except as therein otherwise specified, and that no representations as to the condition of repair thereof had been made by the lessor or his agent prior to or at the execution of the lease that were not therein expressed or endorsed thereon. There was no evidence to overcome the presumption that complainant signed the lease voluntarily and with full knowledge of its contents. In any event, the fact that complainant did not

act promptly upon the discovery of the alleged fraud would cause a court of equity to refuse to interfere in his behalf by canceling the lease. If a party is induced to enter into a contract by false and fraudulent representations and desires to rescind the contract he must act promptly as soon as he discovers the fraud, and that was not done by the complainant, who continued to occupy the premises and pay the rent for two years and three months. If he desired to rescind the lease it was his duty to act without hesitation or delay, and a court of equity would not intervene in his behalf after he had recognized the validity of the lease, with full knowledge of the fraud, for so long a time. (*Cox* v. *Montgomery,* 36 Ill. 396; *Hall* v. *Fullerton,* 69 id. 448; *Day* v. *Ft. Scott Investment and Improvement Co.* 153 id. 293.) William P. Hock was not the owner of the premises, but complainant was not disturbed in the possession or use of them and was not threatened with any interference by the real owner. He did not abandon the premises for the reason that Mrs. Hock was the owner or on account of any fraudulent representations concerning the condition of the premises or their want of repair, but left because William P. Hock refused to put in a new boiler, as he had agreed to do. There was no ground for the cancellation of the lease or for equitable relief, and the complainant must be left to such defenses and remedies as the law may afford him.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*