(No. 23700.—

FREDERICK G. KLEE, Appellee, *vs.* THE CHICAGO TRUST COMPANY, Appellant.

*Opinion filed December 10, 1936—Rehearing petition stricken February 4, 1937.*

SIMS & STRANSKY, and SANDERS, CHILDS, BOBB & WESCOTT, (OTTO W. BERG, of counsel,) for appellant.

FREDERICK W. JANSON, for appellee.

Mr. CHIEF JUSTICE HERRICK delivered the opinion of the court:

On December 4, 1925, Frederick G. Klee, and Harry Schwartz, who has since died, made a written contract providing for the purchase by Klee from Schwartz of a lot in Gary, Indiana. On March 24, 1931, Klee filed his bill in the superior court of Cook county against the Chicago Trust Company, as the executor of the last will of Harry Schwartz, then deceased. The relief sought was the rescission and cancellation of the contract and the return to the complain-

ant of all sums paid by him thereon. The bill charged that Nat Malnick was the agent of the deceased, Schwartz; that Malnick induced the complainant to enter into the contract by representing to him that the property was situated at the corner of two full section lines; that one of the streets adjoining the lot was a boulevard, with an electric line and zoned for business purposes; that such representations were false but were relied upon by the complainant and induced him to enter into the contract. It was also averred that Malnick either knew the representations were untrue or they were spoken by him with a reckless indifference to their truth, or that he was under a special duty to know the truth. The defendant answered. Among other things the answer pleaded *laches*. The master to whom the cause was referred found the complainant guilty of *laches* and recommended that the bill be dismissed. The superior court confirmed the master's report and entered a decree dismissing the bill for want of equity. The complainant appealed to the Appellate Court for the First District. That court reversed the decree and remanded the cause, with directions to enter a decree in favor of the complainant. (*Klee* v. *Chicago Trust Co.* 284 Ill. App. 112.) The defendant brings the cause here for review on leave granted to appeal.

The lot in question is located at one of the corners of Clinton street and Fifth avenue. The evidence shows that Malnick did represent to the complainant (1) that the tract in question was located on a double section line corner; (2) that Clinton street was on a section line; and (3) that Fifth avenue was a boulevard. As a matter of fact Clinton street is not on a section line and Fifth avenue is not a boulevard. Schwartz died June 7, 1930. Klee testified in the cause without objection as to his competency as a witness.

The contract in question was executed in duplicate. The words "section line," "boulevard," "electric line," and "business" were written by Malnick on the contract held by the

complainant. This endorsement does not appear on the contract held by the executor. The evidence is in dispute as to whether the word "supra" was written before the complainant executed and delivered each draft. There is no evidence that Schwartz had notice of the above quoted notations appearing on the complainant's contract, unless such notice be presumed from the fact that Malnick was his agent. The decision of that point is not necessary to the proper disposal of the case.

The contract contained this clause: "Second party states that second party knows the contents of this contract and also that second party has examined the location of the said property and finds the same to be as shown on the diagram below." The complainant in his testimony made no attempt to assert such statement made over his signature was untrue or that he did not knowingly sign such statement. The presumption is that he executed and delivered the contract voluntarily and with full knowledge of its contents. (*Jorgeson* v. *Hock,* 234 Ill. 631.) Klee testified that about the first part of September, 1930, an uncle who lived near Gary visited him at his home in Chicago and he then for the first time learned that neither Clinton street nor Fifth avenue was a section line but that the property was some distance from the nearest section line.

The selling price of the lot was $6500, of which Klee paid one-half at the time the contract was signed and agreed to pay the balance in installments of $25 per month. On December 21, 1925, he paid $26.98. His payments thereafter were desultory, being a total of eighteen between February 1, 1926, and June 10, 1930. No payment was made thereafter. No evidence was offered as to the value of the real estate at the time of its purchase by the complainant. This court judicially knows of the rapid decline of values in both city and country real estate, occasioned by the depression. *Atchison, Topeka and Santa Fe Railway Co.* v. *United States,* 284 U. S. 248, 76 L. ed. 273, 281.

Under this record is the complainant guilty of *laches* in not earlier instituting his suit? The complainant contends that he owed no duty to the deceased nor his estate to inspect the premises within any particular time, and that his failure to do so within a reasonable time does not amount to *laches*. The complainant testified that when he examined the property in September, 1930, Clinton street had not been opened beyond Fifth avenue. There were two frame dwellings in the block and no business houses. Gary is about twenty-five miles from Chicago, the complainant's home. It is easy of access by different methods and lines of transportation. The means by which the fraud could have been ascertained were conveniently at hand. By his contract the complainant admitted that he had seen the property before he bought. He did not testify that he had not seen and examined the property after making the contract and prior to September 1, 1930, although if he had cared to testify on that subject he had that opportunity, but it would appear from reading his evidence that such matter was studiously avoided. From the fact that he did not testify he had not viewed and examined the property subsequent to his purchase thereof and before September, 1930, we may assume that his evidence on that subject, if given by him, would have been unfavorable to his interests. (*Page* v. *Keeves,* 362 Ill. 64.) The circumstances that the streets did not intersect, the general appearance of the neighborhood as detailed by him, would usually put a person of ordinary prudence under similar conditions on his inquiry as to whether the property was zoned for business purposes and whether Fifth avenue was a boulevard. That they were not would naturally lead to a further investigation as to whether the property was located on intersecting section lines.

The complainant claims that he was inexperienced and uneducated, and the trial court so found. No question is

made as to his mental competency. It appears that all his savings were invested in the property. This fact would generally excite sufficient curiosity in the ordinary investor in a property so near and accessible to him that he would visit it within at least a few months after purchasing it. We also note the complainant ceased paying on the contract just a few days after Schwartz died and that out of fifty-four installments due from him the complainant had met but nineteen. Nor can we overlook the further fact that the complainant claims to have first discovered the fraud about three months after death had overtaken Schwartz.

In passing upon the issue of *laches* when death of the person against whose estate the proceeding is brought has occurred before the commencement of the suit, it is proper to consider the fact that death has closed the lips of him against whose estate a demand is sought to be enforced. The writings involved are in charge of persons not familiar with the circumstances leading up to their execution. It is not within the power of the executor to furnish the evidence of the defendant, who was familiar with the transaction. The estate is thereby placed at a great disadvantage. *Dempster* v. *Rosehill Cemetery Co.* 206 Ill. 261.

We are of the opinion that the true rule of *laches* applicable in the case at bar is that *laches* began to run from the time the complainant should have learned of the fraud of which he complains, by the exercise of reasonable diligence in that behalf. "The defense of want of knowledge on the part of one charged with *laches* is one easily made, easy to prove by his own oath, and hard to disprove; and hence the tendency of courts in recent years has been to hold the plaintiff to a rigid compliance with the law which demands, not only that he should have been ignorant of the fraud, but that he should have used reasonable diligence to have informed himself of all the facts." (4 Pomeroy on Eq. Jur. (1919,) sec. 1448, p. 3437.) Sustaining this rule in principle are *Fitch* v. *Miller,* 200 Ill. 170, *McDear-*

*mon* v. *Burnham,* 158 id. 55, *Vane* v. *Vane,* L. R. 8 Ch. 385, and *Rolfe* v. *Gregory,* 4 DeGex, J. & S. 576.

It is unfortunate that the complainant's property decreased in value. However, the record shows that he waited more than five years, and until after the death of Schwartz, before instituting the suit. The fraud could by the exercise of reasonable diligence have been readily discovered by him within a short time after making the contract. The complainant is guilty of *laches.*

Other errors are assigned and argued, but in view of the result reached it is not necessary to pass upon such assignments.

The judgment of the Appellate Court for the First District is reversed and the decree of the superior court of Cook county is affirmed.

*Judgment of Appellate Court reversed.*
*Decree of superior court affirmed.*