Joseph Perry, Appellee, v. Joseph Eson, Appellant.

Gen. No. 46,814.

First District, Third Division.
January 11, 1956.
Released for publication February 29, 1956.

John E. Toomey, and John P. Coghlan, both of Chicago, for appellant.

Denenberg and Notkin, of Chicago, for appellees; Joseph B. Denenberg, Nathan T. Notkin, and Harry G. Fins, all of Chicago, of counsel.

JUDGE KILEY delivered the opinion of the court.

This is an interlocutory appeal by defendant from an order restraining him from writing bonds in any of the Cook County criminal courts.

The parties made a partnership agreement March 30, 1951, under which defendant was to write bail bonds in Cook County courts using plaintiff's collateral. The agreement provided for plaintiff's investment of capital, being a $7,000 deposit required to authorize defendant to engage in the business. This sum was established in the agreement as a debt due plaintiff from the partnership. Defendant's contribution was to be his services. The profits and losses were to be divided equally, defendant was to keep books of account and was bound to account weekly for all transactions. Between December 31st and January 10th, as each year ended, a full accounting was to be made. Defendant was to devote "all his time and attention" to the work and was not to assign his interest or any part thereof to third persons. If either wished to retire from the business he was required to give not less than 15, nor more than 20, days notice to the other, and thereafter defendant was not to exercise any of his previous "rights or powers" under the agreement. If the partnership was dissolved for any reason defendant was not to solicit, at any time, the partnership clients or to disclose its clientele to any one and he "shall not engage in the business of a bondsman for a period of five (5) years thereafter." If either partner elected to retire or if defendant became disabled, or if "either shall be guilty of misconduct of such a character as to render it impracticable to carry on the partnership, then and in any event this partnership shall cease and terminate."

Plaintiff alleged that defendant had not made the required accounting; that a breach of the agreement thereby resulted and the agreement had been terminated; and that despite the breach and termination, defendant is continuing to write bonds in violation of the agreement not to engage in the business for five years upon termination. Plaintiff asked for an accounting and injunction to restrain defendant in accordance

425

with the negative covenant. Defendant answered, denying failure to account properly, the breach and the termination of the agreement. He denies continued writing of bonds on plaintiff's securities and denies "legal conclusions" pleaded by plaintiff with respect to the negative covenant. He alleged affirmatively that plaintiff, without defendant's consent, brought another person into the partnership to share in the profits and thus plaintiff was guilty of "misconduct of such a character . . . to . . . terminate" the partnership; that plaintiff had not given notice of his election to retire as required in the agreement; and that the agreement is illegal in so far as it purports to restrain defendant from his means of earning a livelihood.

■ The question on appeal is whether the chancellor abused his discretion in deciding that the order was necessary to preserve the equitable rights of the parties until a decision could be made on the merits of the case. Mayer v. Collins, 263 Ill. App. 219, 221.

■ The answer depends upon whether it is probable that plaintiff will succeed on the merits (Chicago Motor Coach Co. v. Budd, 346 Ill. App. 385) and the relative advantages and harm likely to be enjoyed or suffered in maintaining the status quo. Mayer v. Collins, 263 Ill. App. 219.

The only basis alleged for termination of the partnership, the failure to account properly, is denied by defendant's sworn answer. Thus, the chancellor in restraining defendant presumably anticipated the likelihood that plaintiff would prevail on the issue. But there is no allegation that plaintiff gave defendant the notice prescribed for termination and there is nothing in the pleadings to justify the anticipation of plaintiff's success.

Also the injunction grants plaintiff virtually the substantial remedies he seeks, because defendant is restrained from writing bonds; he is not limited to those written on plaintiff's security. This goes beyond the

426

rightful scope of the temporary injunctive remedy. Chicago Motor Coach Co. v. Budd, 346 Ill. App. 385.

■ Plaintiff, to sustain the order, argues that defendant's answer admits a cause of termination, *i.e.,* plaintiff's wrongful conduct, and thus that the pleadings admit a cause of termination. The odd effect of this contention is to say that the chancellor could have foreseen that defendant would prove his affirmative defense of plaintiff's misconduct and thus justify restraining defendant. The situation presumed by this contention brings it within the following rule. "The contract being broken by appellant without right operated to relieve appellee from the further performance of any covenant restricting her from engaging in business of the same nature. . . ." M. M. Mitchell Co. v. Mitchell, 134 Ill. App. 214, 216. We see no merit in the contention.

Were the injunction to remain in effect the result would be the deprivation of defendant of his means of livelihood, with the only apparent benefit to plaintiff, taking defendant's affirmative defense as true, coming from his own misconduct. Thus the balance of advantage and harm is in favor of defendant.

■ For these several reasons we are of the opinion that the chancellor abused his discretion in granting the injunction. We need consider no other points raised. The order for temporary injunction is reversed.

Order reversed.

LEWE, P. J. and FEINBERG, J., concur.