consin worth $50,000, which was clear of incumbrance, is not controverted.

We think that the evidence fails to show that the respondent was guilty of contempt and that the rule to show cause should have been discharged.

For the reasons indicated the judgment of the Municipal Court is reversed.

*Reversed.*

---

## The Cincinnati Exhibition Company, Appellee, v. George H. Johnson, Appellant.[1]

### Gen. No. 20,600.    (Not to be reported in full.)

Interlocutory appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court. Reversed with directions. Opinion filed July 17, 1914. Rehearing denied October 17, 1914.

### Statement of the Case.

Motion by George H. Johnson to dissolve an injunction granted on a bill filed by the Cincinnati Exhibition Company, a corporation, to restrain said Johnson from performing or playing baseball for any person or corporation other than the complainant during the season of 1914 and 1915.   To reverse an order denying the motion, defendant appeals.

The contract contained the following provisions:

"7.   The Club may, at any time after the beginning and prior to the completion of the period of this contract, give the player ten days' written notice to end and determine all its liabilities and obligations hereunder, in which event the liabilities and obligations undertaken by the Club shall cease and determine at the expiration of said ten days; the player at the expiration of said ten days shall be freed and discharged

[1]This case was not received by the publishers until February 19, 1915.

from all obligation to render service to the Club. If such notice be given to the player while 'abroad' with the Club, he shall be entitled to his traveling expenses, including Pullman accommodations and meals en route to the City of Cincinnati.

"8.   The player agrees to perform for the Club and for no other party during the period of this contract (unless with the written consent of the Club) such duties pertaining to the exhibition of the game of baseball as may be required of him as said Club, at such reasonable times and places as said Club may designate for the National League seasons for the years 1914 and 1915, beginning in April, 1914, and April, 1915, and ending in October, 1914, and October, 1915, unless sooner terminated in accordance with other provisions hereof."

The defendant took a course of training at the expense of complainant in February and March, 1914, and played with the complainant Club from April 14th to April 20th, and the next day signed a contract to play with a Club of the Federal League, a rival organization.

The chief contention of defendant was that because the contract contains a provision that the Club may give the defendant, the player, ten days' written notice to end and determine all its liabilities under a contract, in which event the liabilities and obligations of the Club shall cease and the player be freed and discharged from all obligation to render service to the Club at the expiration of said ten days, the contract is so wanting in mutuality that defendant, being free from personal bar, could not specifically enforce the covenants of complainant, and the complainant cannot therefore enjoin a breach of a negative covenant of the player  Counsel for defendant relied on the case of *Ulrey v. Keith*, 237 Ill. 284, as decisive in favor of their contention.

WINSTON, PAYNE, STRAWN & SHAW, for appellant; SILAS H. STRAWN, E. E. GATES and R. S. TUTHILL, JR., of counsel.

CHYTRAUS, HEALY & FROST, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

SPECIFIC PERFORMANCE, § 11*—*when negative covenant in baseball contract cannot be enforced by injunction.* A negative covenant in a baseball player's contract with a Club not to play or perform for any other than the Club, during the baseball seasons for which he was hired cannot be specifically enforced by an injunction, where there is a want of mutuality of remedy because of a provision in the contract giving the Club the right to terminate the contract by giving the player ten days' notice.

McSURELY, J., dissenting.

---

## Isadore B. Simco, Defendant in Error, v. Morris M. Mankowitz, Plaintiff in Error.

### Gen. No. 18,771.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded on rehearing. Opinion filed November 4, 1913. Rehearing allowed and additional opinion filed January 13, 1914.

## Statement of the Case.

A judgment by confession for $125 was entered in the Municipal Court of Chicago in favor of Isadore B. Simco against Morris M. Mankowitz on a promissory note and power of attorney authorizing the entry of judgment, and a cognovit confessing judgment on the note. Defendant moved to set aside and vacate the judgment, the motion being based on a petition and affidavit. From a denial of the motion, defendant brought error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.