## Old Rose Distilling Company, Appellee, v. Harry Feuer, Appellant.

### Gen. No. 22,997.

INJUNCTION, § 80*—*when proper to enforce contract not to engage in business.* Where a saloon keeper entered into a contract with a saloon proprietor to work for him for a certain number of years and not to engage in the saloon business within a certain territory for a specified number of years thereafter, the contract being terminable by either party on written notice to the other, and, before the expiration of the agreed period of employment, the saloon keeper terminated the contract and opened a saloon in the restricted territory, *held* that he was properly enjoined from conducting the saloon, the proprietor not having exercised his option to terminate the contract.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court. Affirmed. Opinion filed December 18, 1916. Rehearing denied December 29, 1916.

EARL H. CARR, for appellant.

CHARLES W. STIEFEL and JOHN B. HEINEMANN, for appellee.

MR. PRESIDING JUSTICE MCSURELY delivered the opinion of the court.

By this appeal defendant seeks to have reversed an interlocutory order which enjoined him from engaging in the saloon business within certain described territory in Chicago.

The bill alleges a contract between the complainant and defendant, made October 8, 1915, in and by which complainant agreed to employ defendant as the manager of a branch saloon at 6310 Cottage Grove avenue, Chicago, the employment to continue for a period of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

five years from January 1, 1916. The defendant was to receive as compensation for his services $150 a month, and an increase if the business was satisfactory. As additional compensation he was to receive ten per cent. of the net profits. The defendant agreed to give his entire time to this employment and not to engage in any other business during the term of employment. He also agreed in consideration of this employment and the payment of compensation that he would not engage in the saloon business in certain specified territory in the blocks surrounding No. 6310 Cottage Grove avenue for a period of three years after the expiration or termination of the contract or any renewal thereof. It was further agreed that the contract might be terminated by either of the parties on two weeks' written notice to the other. The bill alleges that the defendant managed said business and continued to do so until about April 5, 1916, when he terminated the contract and ceased his employment with the complainant. The bill represents that on or about April 17th he began to conduct a saloon and liquor business at the building next adjoining the branch saloon of complainant at 6310 Cottage Grove avenue, which was in the prohibited territory described in the contract and contrary to his agreement, and has since such time continued to conduct a saloon at that place. Upon this bill the injunctional order was entered.

In the opinions in some cases in this State it has been said that a suit to enjoin the breach of a negative covenant is governed by the same rules as a suit for specific performance. *Ulrey v. Keith,* 237 Ill. 284; *Cincinnati Exhibition Co. v. Johnson,* 190 Ill. App. 630; *Bartholomae & Roesing Brewing & Malting Co. v. Modzelewski,* 269 Ill. 539. As opposed to these, see reasoning in the opinion in *Guffey v. Smith,* 237 U. S. 101, 115. In these cases the option to terminate was

reserved to one of the parties only. In the contract before us either party had the right to terminate.

Based upon the decisions in this State, the defendant argues that complainant cannot enforce the covenant in question because there is lack of mutuality in the enforcibility of the obligations of the contract. Is the covenant of defendant not to open another saloon near by nonenforcible at the instance of complainant because complainant may avoid performance of its covenants by exercising its option to terminate?

While recognizing the rule stated in *Ulrey v. Keith, supra,* we do not think this is a case for the application of it. We have here a trusted employee given peculiar opportunities to acquire a position of importance to his principal and of advantage to himself, who, as a condition of being so placed, agrees to refrain from doing that which would harm his principal, and subsequently violates that agreement. Courts will go to extreme lengths to prevent agents or those occupying fiduciary capacities from taking advantage of their position to benefit themselves at the expense or disadvantage of their principal. Here, as manager of complainant's business, the defendant was in a position to make the patronage largely a matter of personal following which he probably could take with him to another place in the neighborhood. Realizing this, it was entirely fair that he should contract not to use this position to the harm or disadvantage of the complainant, his principal. He has violated his agreement by opening a saloon next door to that of complainant. It comes with ill grace for him to say that he ought not to be restrained because perchance complainant might at some time exercise its option to terminate the contract. This option, which has not been exercised, is not an obstacle to the relief sought.

For the reasons above indicated the injunctional order is affirmed.

*Affirmed.*