## Jules Chain Store Corporation, Appellee, v. Leonard Stone, Appellant.

### Gen. No. 9,796.

at the May term, 1942. Heard in this court Opinion filed September 3, 1942. Rehearing denied October 6, 1942.

OAKLEAF & CHURCHILL, of Moline, for appellant; CYRUS CHURCHILL, of Moline, of counsel.

JOHNSTON, RAILSBACK & BOZEMAN, of Moline, for appellee; VIRGIL BOZEMAN, of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Appellee is engaged in the operation of retail clothing stores, selling principally on credit. Appellant had been an employee of appellee for some time at various of its stores. He worked in Niles, Michigan; Newcastle, Indiana; and Anderson, Indiana. He came to Moline, and under date of Sept. 10, 1937, entered into a written contract with appellee, wherein he accepted employment as manager of its store. This contract contained a restrictive covenant of employment, wherein appellant agreed that in the event of the termination thereof, he would not accept employment or

become affiliated or connected with, in any manner, a similar or like character of business, within the city of Moline, or within 15 miles from such city, for a period of two years. His employment with appellee ended in the early part of 1941. Subsequently he became manager of a credit clothing store in Moline, owned by his father and uncle.

The trial court found the contract between appellee and appellant to be reasonable and not in unlawful restraint of trade. Injunction was granted as prayed, restraining appellant from having any connection, directly or indirectly with Stone's Credit Clothing & Jewelry Store, and from in any way participating in the operation or management of such business establishment, and in general restraining appellant from becoming engaged in the operation of any business of a similar or like nature to that of appellee, in the city of Moline, for a period of two years, which period expires on March 12, 1943.

Appellant has brought this appeal from the decree against him.

The evidence shows that during appellant's employment with appellee, he experienced a gradual increase in salary. At the time of the termination of his employment, he was receiving $200 per month. Following the severance of his business relations with appellee, he was offered a similar position with the Sumner Stores, at Memphis, Tennessee, at the same salary he was receiving from appellee. He declined this offer at the instance of his father and uncle, who later opened the credit clothing store in Moline, of which appellant assumed the position of manager, at the salary of $100 per month.

Where the contract of employment contains a covenant not to engage in a rival business, and the restraint is reasonably limited as to time and place, and supported by valuable consideration, it is valid and enforcible. Such doctrine is supported generally by

the various jurisdictions. The following are some of the cases of this jurisdiction supporting such rule: *Old Rose Distilling Co. v. Feuer*, 202 Ill. App. 210; *International Mut. Fire Ins. Co. v. Carrington*, 241 Ill. App. 208; *Jewel Tea Co. v. Petersen*, 200 Ill. App. 157; *Storer v. Brock*, 351 Ill. 643; *Harrison v. Glucose Sugar Refining Co.*, 116 Fed. 304, 53 C. C. A. 484, 58 L. R. A. 915; *Wark v. Ervin Press Corp.*, 48 F. (2d) 152.

The decree awarding the injunction is affirmed.

*Decree affirmed.*