## Madison Chemical Corporation, an Illinois Corporation, Appellee, v. William Resnick, Appellant.

### Gen. No. 48,728.

First District, Second Division.

May 9, 1962.

Philip W. Tone, Edmond S. Sager and Robert E. Pfaff, of Chicago (Thompson, Raymond, Mayer & Jenner, of counsel), for appellant.

Paul J. Montino, of Melrose Park, for appellee.

MR. PRESIDING JUSTICE FRIEND delivered the opinion of the court:

This is an interlocutory appeal from a temporary injunction order entered January 30, 1962 on notice. The matter was heard on plaintiff's sworn complaint and defendant's verified answer. No affidavits were presented, no evidence heard. The order restrains defendant, for a period of one year and within a fifty-mile radius from any place where defendant may have worked for plaintiff or its subsidiaries, from engaging directly or indirectly in any business the same as or similar to that of plaintiff or its subsidiaries, or from allowing his name to be used by any such firm, co-partnership, or corporation, and further and specifically restrains defendant from continuing his present business of selling chemical specialties under the name Chem-San at 1896 Sheridan Road, Highland Park, Illinois.

Plaintiff's verified complaint, filed January 15, 1962 against defendant, one of its former employees, was based upon an agreement entered into between the parties on January 8, 1961. The agreement was attached as an exhibit to plaintiff's complaint and contained negative covenants. The complaint alleged that defendant had left the employ of plaintiff on or about September 15, 1961 and was violating the agreement by engaging in the business of selling chemical specialties within fifty miles of his former place of employment; it also alleged that unless defendant was enjoined he would continue to violate the agreement to the irreparable damage of plaintiff, and that it had no adequate remedy at law for the reason that "its damages cannot be definitely and fully ascertained or measured."

In his verified answer filed before the temporary injunction was issued, defendant admitted execution of the agreement but averred that he was induced to

sign it prior to the time plaintiff unilaterally and arbitrarily changed defendant's sales territory and accounts, and arbitrarily and unreasonably increased defendant's sales quota from $1600 to $6000 monthly.

The motion for temporary injunction was presented and heard January 30, 1962, the day after defendant had filed his answer. After considering the verified complaint and answer, the chancellor ordered the temporary injunction to issue upon the filing of a bond in the sum of $1000.

██ The recent case of Lipkin v. Burnstine, 18 Ill App2d 509, 152 NE2d 745 (1958), is precisely in point. There a temporary injunction was issued on the pleadings made up of complaint, verified answer denying the material allegations of the complaint and setting forth valid defenses, and verified petition; no evidence was offered, no affidavits were presented. In reversing, we held (pp 517–518) that plaintiff was required to establish that he was probably entitled to succeed ultimately on the merits as a prerequisite to obtaining a preliminary injunction, and that a temporary injunction cannot be predicated solely upon the pleadings where the material factual issues are controverted and the answer raises a complete defense. In the later case of McFetridge v. First Commercial Bank, 28 Ill App2d 512, 171 NE2d 791 (1961), where the granting of a temporary injunction order was one of the points at issue, we adhered to the equitable principles set out in the Lipkin decision and reversed the temporary injunction order.

In the instant proceeding the complaint and answer contained controverted material factual issues. Defendant averred that he was employed pursuant to a written agreement which plaintiff had breached in two material respects: (1) by unilaterally and arbitrarily changing and enlarging his sales territory and accounts; and (2) by arbitrarily and unreasonably in-

creasing his sales quota. These material issues could not be resolved without hearing. Defendant's answer also averred that plaintiff's action, in concealing from defendant, until after the execution of the contract in question, its intention to enlarge his sales territory and raise his sales quota, constituted fraud. Shortly after the alteration of the original contract terms defendant left plaintiff's employ and engaged in business for himself. Plaintiff corporation took no immediate steps to restrain him from such self-employment but waited approximately four months before filing its complaint for the temporary injunction. In the circumstances it would seem that no emergency existed.

Moreover, plaintiff did not allege facts showing that defendant was calling on plaintiff's customers or that he was selling merchandise to them. Bardwick Agency, Inc. v. Hale, 32 Ill App2d 75, 176 NE2d 656 (1961), similar in many respects to the case at bar, was an appeal from an order granting a temporary injunction to plaintiff corporation restraining a former employee from violating the terms of a negative covenant. There the plaintiff corporation alleged, and defendant denied, that he had taken certain customer records belonging to the corporation. In reversing the temporary injunction order we pointed out that there was no allegation that defendant had solicited plaintiff's customers.

Defendant urges further grounds for his contention that the pleadings do not entitle plaintiff to injunctive relief, but in the view we take the foregoing reasons are sufficient.

■ In support of its contention that the injunction order was properly issued, plaintiff argues that it sufficed to show the execution of the agreement, the termination of the employment, and defendant's self-employment in the proscribed business. Plaintiff does not attempt to answer defendant's argument that be-

cause an answer was on file, averring controverted material issues of fact, it was necessary for the chancellor to hear evidence. None of the cases cited by plaintiff are at variance with the principles laid down in the foregoing decisions. In Aurora, City of, v. Warner Bros. Pictures Distributing Corp., 16 Ill App 2d 273, 147 NE2d 694 (1958), plaintiff's complaint was supported by four affidavits; defendants did not file an answer but presented "objections" supported by affidavits. On appeal the court concluded that the evidence established plaintiff's prima facie case and impliedly held that it established the probability of plaintiff's ultimate success on the merits. It stated (p 285) that an order granting a temporary injunction would not be set aside unless the reviewing court found that the chancellor had abused his discretion, and added that "especially is this true where the temporary injunction issued after notice and a hearing and upon the giving of bond." In O'Brien v. Matual, 14 Ill App2d 173, 144 NE2d 446 (1957), plaintiff did not file an answer to defendants' counterclaim upon which the injunction was granted; thus defendants established the probability of their ultimate success. Smithereen Co. v. Renfroe, 325 Ill App 229, 59 NE2d 545 (1945), also cited by plaintiff, was a suit for a permanent injunction in which there was a reference to a master to hear proof; the issue of temporary relief was not involved. In Jules Chain Store Corp. v. Stone, 316 Ill App 45, 43 NE2d 849 (1942), proof was heard before injunctive relief was granted. Illinois courts have consistently held that an injunction is an extraordinary remedy, and before it is granted the right of a party to such relief must appear clearly and affirmatively. Triangle Sign Co. v. Randolph & State Property, Inc., 16 Ill App2d 21, 29–30, 147 NE2d 451 (1957).

"Depriving a person of his right to work is a drastic method at best," we said in Brunner & Lay, Inc. v.

376

Chapin, 29 Ill App2d 161, 167, 172 NE2d 652 (1961), "and should only be invoked where irreparable injury is being done to the employer." The temporary injunction issued in the case at bar has the effect of putting defendant out of business. It was issued without hearing. Defendant's denials and averments, if supported by competent evidence, would constitute a defense. Under the circumstances the chancellor should have heard evidence to determine where the truth lay; she could not weigh the allegations of the verified complaint against the verified denials and averments of defendant's answer to ascertain the truth. McFetridge v. First Commercial Bank, 28 Ill App2d 512, 525, 171 NE2d 791 (1961). We hold that the injunction was improvidently issued, and the order is therefore reversed.

Order reversed.

BRYANT and BURKE, JJ., concur.