**Bernard H. GOLDMAN, Plaintiff-Appellant,**

v.

**HENRY'S DRIVE IN, INC., Defendant-Appellee.**

**No. 13864.**

United States Court of Appeals
Seventh Circuit.

Feb. 28, 1963.

L. Louis Karton, Miller, Leeds & Green, Harold Tucker, Chicago, Ill., for appellant.

Harry G. Fins, Charles C. Kirshbaum, Chicago, Ill., for appellee.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

KNOCH, Circuit Judge.

Plaintiff, Bernard H. Goldman, a citizen of Ohio, filed his Complaint at Law in the United States District Court to recover $1,000,000 in damages for breach of contract. Jurisdiction was based on diversity of citizenship. Defendant, Henry's Drive In, Inc., an Illinois corporation, filed its answer denying every material allegation of plaintiff's claim as set out in the Complaint at Law and demanding trial by jury.

Plaintiff filed a motion for preliminary injunction on the ground that continuance of the breaches of contract alleged in his Complaint would result in irreparable damage to plaintiff. Plaintiff then amended his Complaint by adding a second count (which incorporated paragraphs 1 through 33 of the original 34-paragraph Complaint at Law) and prayed for an injunction. Defendant filed its answer under oath to this amendment again denying all allegations material to the claim and repeating its demand for trial by jury. Defendant also asserted in its answer that plaintiff had an adequate remedy at law, failed to state a claim on which relief in equity could be granted, and asserted a defense based on certain provisions of the contract alleged to have been breached.

Plaintiff appeals from the denial of his motion for a preliminary injunction. There was no trial. No testimony was taken. The cause is before use on the pleadings alone.

While plaintiff agrees that the grant or refusal of a preliminary injunction is within the sound judicial discretion of the Trial Court, he contends that the Trial Judge here abused his discretion in ignoring plaintiff's "allegations, in the complaint, as to the danger of imminent and irreparable injury." Plaintiff has alleged violations of his contract rights, continuing acts "which create a situation where the allowance of damages will be inadequate to compensate him for his loss because the loss and damage will be difficult, if not impossible, of ascertainment and measurement."

Plaintiff relied solely on the allegations of his Complaint, despite denial of those allegations by defendant, and neither introduced, nor offered to introduce, any evidence to prove those allegations.

■ The parties are agreed that the substantive law of the State of Illinois applies here. The material allegations of the Complaint for injunctive relief were denied under oath. Plaintiff had the burden of sustaining those allegations by competent evidence to establish that he was probably entitled to succeed ultimately on the merits. Lipkin v. Burnstine, 18 Ill.App.2d 509, 518, 152 N.E.2d 745 (1958). After defendant's verified answer denying the material allegations of the Complaint, evidence would have been required to make a proper showing for the issuance of a preliminary injunction. McFetridge v. First Commercial Bank, 28 Ill.App.2d 512, 523, 171 N.E.2d 791 (1961); Madison Chemical Corp. v. Resnick, 35 Ill.App.2d 372, 374, 183 N.E.2d 3 (1962).

■ Plaintiff argues that these cases all refer to a verified answer which raises a "complete defense." Plaintiff equates a "complete defense" with an affirmative defense and construes the term as requiring more than mere verified denial. Thus, plaintiff asserts that there was no obligation imposed on him to present evidence in this case. We disagree.

Counsel for defendant has invited our attention to selections from Corpus Juris (32 C.J. 355–356) and Corpus Juris Secundum (43 C.J.S. Injunctions § 196, pp. 904–905) setting out the general rule that where statements made under oath in the answer controvert the facts constituting the claim of complainant for interposition of the Court, the Court will generally deny the injunction on the reasoning that such an answer is deemed to overcome the equities of the bill or to render the truth of its allegations at least doubtful. Counsel for plaintiff points to further discussion of the point and exceptions to the general rule (43 C.J.S. Injunctions § 196, p. 906) providing that the Court may grant a preliminary injunction notwithstanding positive denials under oath in the answer, and will not deny such injunction "as of course." Examples of such exceptions to the general rule are listed as:

" * * * where a denial of an injunction would be in effect a decision on the merits and would defeat entirely the objects of the bill; where irreparable injury might result from a denial of the injunction; where the bill contains charges of fraud; where it appears probable that the complaint will on final hearing be found to be true; or where the right to an injunction depends on the interpretation to be placed by the court on a written instrument. *Where the cause was submitted on the pleadings and there was enough of the bill undenied to warrant temporary injunction, it may be granted, notwithstanding the rule that the court shall not grant an injunction on a sworn bill and answer without hearing evidence supporting the allegations of the bill.*" [Emphasis added.]

In this case all the material allegations were answered. There was nothing left undenied in the Complaint to warrant issuance of a preliminary injunction. Con-

sequently the rule stated above does not apply.

Under the circumstances of the matter before us, we cannot hold that an abuse of discretion has been shown.

In view of our decision on this point, we do not reach the other issues raised and argued by the parties.

The ruling of the District Court is affirmed.

Affirmed.