**Elizabeth Hoffmann, Plaintiff-Appellee, v. Eugene V. Hoffmann, Defendant-Appellee, Margaret Rheinhardt, Defendant-Appellant.**

**Gen. No. 49,885.**

First District, Third Division.

May 20, 1965.

Arthur Abraham, Goldberg and Goldberg, of Chicago, for appellant.

Joseph J. Jares, Jr., of Chicago, for plaintiff-appellee.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order enjoining the defendant Margaret Rheinhardt from "doing or threatening to do any act calculated to prevent or interfere with a reconciliation of Eugene V. Hoffmann and Elizabeth Hoffmann or other amicable adjustment of this suit." The basis for this appeal is Section 12 of the Divorce Act (Ill Rev Stats, c 40, § 13 (1963)).

Plaintiff and the defendant Eugene V. Hoffmann were married on September 27, 1936. On April 13, 1964, plaintiff Elizabeth Hoffmann filed a complaint

in two counts. The first count sought a divorce and alleged that defendant Eugene V. Hoffmann had been guilty of extreme and repeated cruelty, citing instances. A large portion of this count is devoted to a recitation of disputes between the Hoffmanns over money matters. No allegations are made with respect to the defendant Margaret Rheinhardt's interference with reconciliation. Count II of the complaint charges Margaret Rheinhardt with alienation of affection, and seeks judgment against her in the sum of $50,000. The defendant Eugene V. Hoffmann filed an answer, denying the allegations of the complaint. The defendant Margaret Rheinhardt on May 1, 1964 filed an answer to Count II of the complaint, denying the allegations thereof. On June 22, 1964, Elizabeth Hoffmann petitioned for the issuance of the injunction in question. In that petition, she charged that Margaret Rheinhardt had interfered with reconciliation, and set forth various instances in which the defendant Eugene V. Hoffmann and Margaret Rheinhardt were together. Nowhere in the petition did the plaintiff set forth specifically any negotiations for reconciliation. The respondents explained the presence of Margaret Rheinhardt in defendant Eugene Hoffmann's office, which was set forth in some detail in the petition, on the ground that she was assisting him in his office work in return for services which he, a chiropractor, was rendering to her son and herself. Both denied any improprieties in their association, and none was proved.

██ ██ While the writ of injunction in the instant case is incidental to a divorce suit, it must still be recognized that an injunction, and particularly one such as that issued in this case, is an extraordinary remedy, and that the right to such relief must be clearly and affirmatively shown. Madison Chemical Corp. v. Res-

461

nick, 35 Ill App2d 372, 183 NE2d 3; Triangle Sign Co. v. Randolph & State Property, 16 Ill App2d 21, 147 NE2d 451. The injunction is couched in broad general language, in violation of the requirement that an injunction order should set forth the acts enjoined with such particularity that the party enjoined can understand precisely what is forbidden. City of Kankakee v. New York Cent. R. Co., 387 Ill 109, 55 NE2d 87; Evans v. Johnston, 300 Ill App 78, 20 NE2d 841; 28 Am Jur, Injunctions, § 293 (1959).

The complaint itself reveals that this was a stormy marriage, with harsh disputes over money matters, and there was no specific showing that anything Margaret Rheinhardt did interfered with negotiations for reconciliation. The husband in fact testified that there had been no attempt at reconciliation. A letter from plaintiff's attorney with respect to reconciliation is the only item bearing on that phase of the problem.

We were advised by counsel on oral hearing that a divorce had been granted and that in the judgment of counsel the suit was now moot. Mootness in general turns on whether the issue is genuine or feigned. In Kern v. Chicago & E. I. Ry. Co., 44 Ill App2d 468, 195 NE2d 197, we reviewed the origin and application of the doctrine. It is not moot as to the defendant Margaret Rheinhardt, and it would be unjust to her to dismiss the appeal on that ground.

The order is reversed and the cause is remanded, with directions to vacate the order and to take such other and further proceedings as are not inconsistent with the views herein expressed.

Order reversed and cause remanded with directions.

DEMPSEY, P. J. and SULLIVAN, J., concur.