John Nawoski, Plaintiff-Appellee, v. Michael N. Pallotto and Theresa Pallotto d/b/a Steel City Testing & Engineering Laboratories, Defendants-Appellants.

Gen. No. 50,009.

First District, Third Division.

September 16, 1965.

Thomas G. Poulakidas, of Chicago, for appellant.

Leonard L. Levin, of Chicago (Irving S. Abrams, of counsel), for appellee.

MR. JUSTICE SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment of the circuit court entered in a bench trial before a magistrate of the first municipal district in favor of the plaintiff, John Nawoski, and against the defendants, Michael and Theresa Pallotto, for the sum of $1,459.08 plus costs and from an order of said court denying the defendants' motion to vacate the judgment, or, in the alternative, for a new trial.

Defendants contend that the judgment is against the manifest weight of the evidence in that (1) the defendants were not given credit, in accordance with the evidence, for all payments made by them to the plaintiff during the period of their contract with him; (2)

the court failed to subtract certain amounts from the total amount owing for materials, which amounts were paid directly to the plaintiff instead of to the supplier, and (3) the trial court erred in receiving oral testimony to contradict a written document.

Plaintiff entered into a contract with the defendants to do certain panelling work for them. The agreement was that the plaintiff would be paid for his labor and material expenditures. Plaintiff purchased most of his materials from Baltimore Lumber Company and the invoices were presented to defendants who were to pay Baltimore Lumber Company directly. Defendants paid plaintiff for his labor and, according to plaintiff's testimony, for material expenditures which were incurred through the purchase by plaintiff of certain items from suppliers other than Baltimore Lumber Company. Both plaintiff and the president of Baltimore Lumber Company testified that the total value of materials purchased from Baltimore Lumber Company for this job was $5,921.13 and that of this amount defendants paid said company $4,462.04, leaving a balance due of $1,459.08, the amount of the judgment. It is apparent that this figure is one cent off, but the error is in favor of the defendants and is not, at any rate, of such magnitude as to warrant in and of itself the overturning of the judgment.

■ ■ Plaintiff testified that this job commenced on June 7, 1958, and defendant, Michael Pallotto, testified that the job started on March 10, 1958. Plaintiff had done work for the defendants prior to this job and he testified that certain amounts of money were outstanding for this prior work, which amounts were paid during the period from March 10, 1958 to June 7, 1958. Defendants contend that all of the money paid to the plaintiff from March 10, 1958, to the time the panelling job was completed was for such job and

should have been credited to them. The trial judge chose to believe the plaintiff's testimony concerning the commencement of the panelling job and also his testimony that payments made prior to June 7, 1958, were for a prior job. The trial judge observed the witnesses and heard them testify. It was up to him to determine whom to believe and whom not to believe. Credibility of witnesses is always a question for the trier of fact and we will not upset his determination. (In Re Estate of McCaffray, 31 Ill App2d 413, 176 NE2d 545.)

Defendants also contend that the amount paid by them during the period that the job was in progress, which amount the plaintiff admits was for the job, was in excess of the amount that plaintiff testified was for labor and that this excess should have been credited to the amount owing Baltimore Lumber for material. $4,587.28 was paid by the defendants to the plaintiff during this period and $4,139.50 of this was plaintiff's charge for labor on the job. This leaves a balance of $447.78 for which defendants claim they should get a credit. There is some merit to defendants' contention. They neglect, however, to take into consideration the testimony of the plaintiff that he purchased certain materials from suppliers other than Baltimore Lumber Company, and that he was reimbursed by the defendants for such expenditures. Plaintiff testified that the amount of such expenditures was $185.03. Subtracting this figure from the $447.78, which plaintiff was paid in excess of his charge for labor, the amount which should have been credited to the balance owing for materials purchased from Baltimore Lumber Company becomes $262.75.

Defendants' final contention is that since some of Baltimore Lumber Company's invoices were made out to the plaintiff and showed his home address, the

invoices indicated that such materials were delivered to plaintiff's home and should not have been charged to defendants' job. Defendant Michael Pallotto testified that these materials were never used on the panelling job and that he knew this because all materials received by his firm would be receipted for by one of his employees. The exhibits belie this. Very few of the invoices from Baltimore are receipted by anyone other than the plaintiff, and it is apparent that the described procedure was not regularly followed. On cross-examination plaintiff testified that he was away much of the time while the job was in progress, and that he would not have any personal knowledge about whether or not specific materials were ever delivered to the job. The president of Baltimore Lumber Company testified that the questioned materials were not delivered to the plaintiff's house but that the plaintiff picked them up. Plaintiff testified that these materials were picked up by him and transported to the job site. Defendants argue that the testimony of the plaintiff and that of the president of Baltimore Lumber Company should not have been received because such testimony altered the terms of a written instrument regarding the place of delivery. All the invoices indicated was to whom the materials were charged, not where they were delivered. The receipt of testimony regarding delivery was perfectly proper and the trial judge chose to believe the testimony of the plaintiff and Baltimore Lumber Company's president. Again, we will not disturb his determination.

■■ Defendants, while relying on manifest weight arguments, have abstracted approximately 200 pages of testimony in 4 pages. Their abstracting amounted to taking, verbatim, certain questions and answers from the report of proceedings. Rule 5 of this court adopts rule 38 of the Supreme Court (Ill Rev Stats

54

1963, c 110, par 101.38) relating to abstracts. In accordance with this rule the abstract should be sufficient to present fully every error relied upon. Supreme Court Rule 36–1 has recently been adopted by this court. Under this rule, where an appeal is taken from a case assignable to a magistrate, the appellant is directed to file excerpts from the record on appeal (Excerpts from Record) in lieu of an abstract. The Excerpts from Record should contain the parts of the record deemed essential for the judges of the reviewing court to read in order to decide the issues presented. The rule also states that omission of any relevant portion of the record from the Excerpts from Record shall not prejudice a party unless the reviewing court finds that there has been no good faith effort to comply with this rule. This rule was not adopted by this court at the time of the filing of the abstract herein, but defendants' abstract, being a verbatim report of certain parts of the report of proceedings, is more in the nature of an Excerpts from Record than an abstract. Whether considered as an abstract or as an Excerpts from Record, what defendants filed as an abstract is meager to say the least. The court did have the record before it, however, and following the spirit of Supreme Court Rule 36–1 we do not believe that any bad faith was shown on the part of appellants, and we have therefore deemed it proper to consider their points. However, appellants are hereby cautioned, in the future on appeal to this court to present a more adequate abstract or Excerpts from Record. (Flannery v. Allyn, 47 Ill App2d 308, 198 NE2d 563.)

For the reason that defendants were not given credit for amounts admittedly paid for this job, which amounts were neither for labor or materials purchased from sources other than Baltimore Lumber Company, the judgment of the magistrate is reversed and the

cause is remanded with directions to reduce judgment by $262.75, the amount paid by defendants to plaintiff for materials purchased from Baltimore Lumber Company.

Reversed and remanded with directions.

DEMPSEY, P. J. and SCHWARTZ, J., concur.