ILLINOIS SCHOOL BUS COMPANY, INC., Plaintiff-Appellee, *v.* SOUTH SUB-URBAN SAFEWAY LINES, INC., Defendant-Appellant.

(No. 55303;

First District—March 1, 1971.

Brandel, Olson, Johnson & Erickson, of Chicago, and Olsen, Miller & Costello, of Springfield, for appellant.

Moore, Coleman & Stone, of Midlothian, and John C. Friese, of Chicago, for appellee.

Scariano & Gubbins, of Chicago Heights, *amici curiae.*

Mr. JUSTICE GOLDBERG delivered the opinion of the court:

This record presents an interlocutory appeal by defendant, South Suburban Safeway Lines, Inc., from a temporary injunction obtained by plaintiff, Illinois School Bus Co., Inc. The order for temporary injunction was entered upon notice without the filing of answer or other pleading by defendant. It is, therefore, necessary to summarize the allegations of plaintiff's complaint.

We will digress momentarily to note that the excerpts of record presented as a basis for this appeal are fragmentary and do not contain the entire complaint or even the injunctional order appealed from. It is difficult to believe that counsel appearing in this court are unaware of the well-established and time-honored principles that the abstract, or excerpts, constitutes the pleading of the appellant and that either of these vehicles for the appeal should contain all matters which this court will require for full and proper consideration of the issues. (*Davis v. Davis,* 128 Ill.App.2d 427; *Nawoski v. Pallotto,* 63 Ill.App.2d 50, 55; *Flannery v. Allyn,* 47 Ill.App.2d 308, 320 and *Galvin v. Torres,* 8 Ill.App.2d 227, 235.) A reviewing court is not required to search the entire record in considering an appeal. However, we will overlook this deficiency and proceed with a statement of the issues as presented by the verified complaint.

It is alleged that plaintiff is engaged in the transportation of school children by school bus. Defendant is a public utility engaged in transporting passengers for hire upon scheduled routes. Plaintiff has performed these services under annual contracts with various school districts throughout Cook County. Defendant now seeks to secure contracts with school districts for transportation of pupils.

The complaint sets forth various portions of the pertinent statutes. Among the matters referred to are the definitions of "school bus" in the Illinois Vehicle Code (ch. 95½, par. 1—182); and in the School Code of Illinois (ch. 122, par. 29—7) and also the definition of "public utility", (ch. 111⅔, par. 10.3).

The complaint also sets forth certain requirements of the Illinois Vehicle Code pertaining to the operation of school buses as therein defined such as visible signs at the front and rear of the vehicle with letters not less than eight inches high bearing the designation "school bus"; flashing red lights; other vehicles to be stopped when approaching a stopped school bus from either direction and other similar provisions. The complaint also quotes the applicable requirements of the Illinois School Code for capacity of school buses and for the exclusive use of a yellow color for these vehicles.

The complaint also recites the portion of the Illinois School Code giving the Superintendent of Public Instruction the power and duty of promulgating administrative regulations for operation of school buses as defined by the statute (ch. 122, par. 2—3.6). The complaint sets forth various requirements adopted by the Superintendent; including, for example, the directive that drivers of school buses obtain an annual health certificate evidencing their freedom from communicable tuberculosis, as contained in the publication issued by the Superintendent under the title, "Illinois School Bus Transportation".

It is also alleged that the Blue Island Community High School District No. 218, and the Bremen High School District No. 228, received bids from both plaintiff and defendant for performance of transportation services for their pupils under an annual contract and that these Districts "have taken the bid from defendant under consideration in preference to a bid submitted by the plaintiff on the basis that defendant's bid was lower when in truth and in fact said bid by defendant was higher than plaintiff's bid". The complaint then states, upon information and belief, that, if the school districts in question entered into a contract with defendant, said defendant will consider itself exempt from the regulatory requirements of the Illinois School Code and the regulations of the Superintendent of Public Instruction promulgated thereunder and will violate both.

The complaint then states certain conclusions to the effect that "an actual controversy exists" between the parties hereto concerning "the construction and validity" of the statutes above described and states certain legal arguments or conclusions concerning the effect of the statutes in question. The complaint also alleges that "plaintiff fears" that,

unless the court grants an immediate injunction restraining the defendant from entering into any such contract, "plaintiff will suffer great and irreparable damage"; and, further, that "plaintiff has no adequate remedy by action at law for damages". The complaint prays a declaratory judgment but fails to describe the declaration which plaintiff requests. It also prays that defendant be enjoined from entering into any contract for transportation of school children until resolution of the controversy between the parties and until the "validity" of the three pertinent statutes had been judicially determined.

Pursuant to notice, the court heard testimony upon plaintiff's motion for temporary injunction based upon the complaint. No responsive pleading was filed by defendant. The complaint was amended on plaintiff's motion by modifying the prayer for relief to a request that defendant be "enjoined from transporting school children exclusively unless and until the defendant complies with all revised statutes and all rules and regulations of the Superintendent of Public Instruction of the State of Illinois pertaining to school buses and school bus drivers".

After hearing argument of counsel, the court entered an order for a temporary injunction restraining defendant "from transporting school children exclusively unless and until defendant complies with all Illinois Revised Statutes and all rules and regulations of the Superintendent of Public Instruction of the State of Illinois pertaining to school buses and school bus drivers". The order provides that plaintiff file bond in the sum of $200.00 and that defendant be "granted leave to appeal" upon filing appeal bond in the amount of $200.00. (Note Supreme Court Rule No. 307, Interlocutory Appeals as of Right).

After the appeal had been docketed in this court, an order was entered which stayed the effect of the temporary injunctional order appealed from (Supreme Court Rule 305). In addition, this court granted permission to the Boards of Education of Bremen Community High School District 228, Chicago Heights Grade School District 170 and Park Forest Grade School District 163 to file a brief and argument as *amici curiae*. Bremen Community High School District 228 is mentioned in the complaint as having received bids from both plaintiff and defendant for performance of transportation services.

It should also be noted that plaintiff in its brief made the statement that, after filing of this suit, the Board of Education of this District No. 228 entered into a contract with plaintiff for transportation of pupils. On oral argument, all counsel agreed that this statement is correct. However, we have given consideration to the brief and argument filed by *amici* as well as permitting oral argument by their counsel of record.

■■ We note also the motion of plaintiff to dismiss the appeal on the ground that defendant failed to file an appeal bond as provided in the order appealed from. This motion, filed October 7, 1970, was taken with the case. Filing of an appeal bond in the trial court has not been jurisdictional in perfecting an interlocutory appeal since January 1, 1964. Rule 307 of the Supreme Court, effective that date, provides for interlocutory appeal as a matter of right from an order granting an injunction. The rule provides that the interlocutory appeal is perfected by filing a notice of interlocutory appeal. Defendant complied with the rule in this regard. Accordingly, the motion of plaintiff-appellee to dismiss the appeal is denied.

Now, proceeding to the merits of the appeal, for completeness and elucidation, we will first quote the three statutes involved in this cause:

Illinois Vehicle Code, ch. 95½, par. 1—182:

"School Bus. Every motor vehicle of the second division owned or operated by or for a public or governmental agency or by or for a private or religious organization for the transportation of pupils in connection with any school activity. This definition does not include a bus operated by a public utility or a municipal corporation authorized to conduct local or inter-urban transportation of passengers."

School Code of Illinois, ch. 122, par. 29—7:

"School Bus defined. 'School Bus' means every motor vehicle of the second division operated by or for a public or governmental agency or by a private or religious organization solely for the transportation of pupils in connection with any school activity."

Public Utility Laws, ch. 111⅔, par. 10.3:

"Public Utility defined  *  *  *  'Public utility' does not include, however:  *  *  *  5. such public utilities which are engaged in the transportation of persons by motor bus to the extent that the transportation is conducted pursuant to a valid and subsisting contract with a political subdivision or a municipal corporation in this State  *  *  *."

Even a casual reading of these three sections will demonstrate immediately that they raise formidable questions of construction and reconciliation. However, under the view which we take of this appeal, it will not be necessary for us to attempt to solve these difficult problems. We do not find squarely presented and argued in any of the briefs the two following points which we deem paramount and decisive here.

Plaintiff's first predicament is that the complaint does not allege that defendant has actually entered into a contract with any school district. As pointed out above, it alleges only that the two school districts have taken a bid from defendant "under consideration". These allegations

leave the matter of contractual relations between defendant and the school districts completely open to speculation. The futility of this allegation is demonstrated by the agreed fact that one of these school districts has already entered into a contract with plaintiff.

■■ Consequently, the only conduct of defendant alleged as basis for injunctional relief is that defendant placed contractual bids with two school districts. There is no allegation of any contract or agreement between defendant and any other person for transportation of pupils. The injunction as entered had no relation to the alleged conduct of defendant. The complaint merely alleges, upon information and belief, that if defendant obtained such a contract it would consider itself exempt from the Illinois School Code and the regulations of the Superintendent of Public Instruction. An allegation of this type is far from sufficient to authorize the extraordinary remedy of injunction. *County of Du Page v. Robinette,* 77 Ill.App.2d 167, 170 and *Triangle Sign Co. v. Randolph & State Property,* 16 Ill.App.2d 21, 27.

And, to carry the matter to its logical conclusion, even if defendant had obtained a contract and was actually violating pertinent statutes, plaintiff is not the proper person to enforce the statutes of Illinois. Plaintiff has no special property right in the conduct of defendant in performing its contracts. Whether or not any person violates the statutes here involved would be a matter for the invocation of proper remedies by proper authority.

In *Northtown Bank v. Becker,* 31 Ill.2d 529, plaintiffs, two banks in Decatur, sued a competing bank and the Director of Financial Institutions of Illinois to prevent defendants from organizing three additional banks in Decatur. Plaintiff's theory was that the organization of three purportedly separate banks would be merely a subterfuge to permit defendant bank to engage in branch banking. The trial court entered a temporary injunction against the Director but granted no relief against the defendant bank because the issuance of a temporary injunction against national banks is prohibited by Federal law. (Title 12, § 91 USCA.) Prior to trial, one of five signers of one of the applications died. Therefore, no further action could be taken upon that application. Also, the Director decided to hold the other two applications without action thereon. The Appellate Court, therefore, held that there was no actual controversy between any of the parties and that the appeal should be dismissed. *Northtown Bank v. Becker,* 45 Ill.App.2d 112.

In other words, since no charter had actually been issued by the director, there could be no actual controversy. The court also held that plaintiff had asked the court to assume not only that the Director would abuse

his discretion but also that defendant bank would violate the banking laws of Illinois. A very similar situation obtains in the case at bar. This court is asked to assume not only that defendant will actually obtain a contract with a school district for transportation of pupils but also that defendant will violate the laws of Illinois in performance thereof.

In affirming the Appellate Court in the Northtown Bank case, the Supreme Court pointed out that the suit was entirely premature because no permits to organize any of the three proposed new banks had been issued. In addition, the Supreme Court held that there should be no presumption against the Director that he would fail to carry out the law. (*Northtown Bank v. Becker,* 31 Ill.2d 529.) These identical principles apply to the case at bar. The suit before us can only be described as premature because no contract between defendant and any school district exists. And, if such contract did exist, it must be presumed and assumed that defendant would comply with all pertinent laws and regulations. In event of defendant's failure so to do, correct and effective remedial action should be taken, not by plaintiff, but by proper public authorities.

Plaintiff's complaint contains no allegations of any facts which create a present need as a basis for injunctive relief. The complaint shows no element of unfair competition as by appropriation of trade secrets. (*Schulenburg v. Signatrol, Inc.,* 33 Ill.2d 379); no element of actual interference in business relations (*Herman v. Prudence Mutual Cas. Co.,* 41 Ill.2d 468); no present need for protection of the general public (*Ch. Bar Assoc. v. Quinlan & Tyson, Inc.,* 34 Ill.2d 116) and no element of present need for protection of a valuable license or franchise as in the situations in which a licensed group sues to prevent practice by unlicensed persons. *Ill. Chiropractic Society v. Giello,* 18 Ill.2d 306; *Ill. Chiropractic Society v. Berns,* 17 Ill.2d 356 and *Burden v. Hoover,* 9 Ill.2d 114.

We have given full consideration to the arguments of plaintiff concerning the alleged salutary effect of the injunctional order appealed from in protecting children from possible accidents. We have not decided this case in a vacuum of theory. As a practical matter, the safety of pupils involved will best be safeguarded if enforcement of applicable laws and regulations remains in the hands of proper public officials. This will yield better results than attempting to maintain safety through the process of an injunction obtained by a private person.

We are thus impelled to conclude that no injunctional order should have been entered upon this complaint.

■■ In addition, plaintiff cannot escape the established principle that a proper injunctional order must couch its directions or prohibitions, "in terms so definite, clear and precise as to demand obedience, or to

be capable of enforcement or execution", *Impey v. City of Wheaton*, 60 Ill.App.2d 99, 104 citing ILP Injunctions, Sec. 179.

In *Hoffman v. Hoffman*, 59 Ill.App.2d 459, in connection with a divorce case, the court enjoined a codefendant from "doing or threatening to do any act calculated to prevent or interfere with a reconciliation of Eugene V. Hoffman and Elizabeth Hoffman or other amicable adjustment of this suit." This court reversed the injunctional order for the identical reason above set forth. The opinion used the following language (59 Ill.App.2d at page 462):

> "The injunction is couched in broad general language, in violation of the requirement that an injunction order should set forth the acts enjoined with such particularity that the party enjoined can understand precisely what is forbidden. *City of Kankakee v. New York Cent. R. Co.*, 387 Ill. 109, 55 N.E.2d 87; *Evans v. Johnston*, 300 Ill.App. 78, 20 N.E.2d 841; 28 Am.Jur., Injunctions, § 293 (1959)."

In *Centennial Laundry Co. v. West Side Org.*, 55 Ill.App.2d 406, the trial court granted a temporary injunction restraining defendants from "picketing, calling for a boycott and demonstrating on or near plaintiff's premises". This court, speaking through Mr. Presiding Justice Burke, reversed the injunctional order for violation of the same principles. The court held as follows (55 Ill.App.2d at pages 416, 417):

> "Further, the terms of the injunction must be specific and clear so that defendants may know exactly what they are restrained from doing. (*Evans v. Johnston*, 300 Ill.App. 78, 20 N.E.2d 841.) The injunction issued below is too broad under the circumstances of the case. It prohibits picketing for any purpose; creating demonstrations for any purpose; boycotting for any purpose. Further, it is unclear how far from plaintiff's premises defendants must carry on their activities in order to keep from violating the injunction."

This decision in the Centennial case was affirmed on further appeal to the Supreme Court. The court referred to the language of the injunction as "blanket prohibitions" which were "sweeping and imprecise". 34 Ill.2d at page 266.

The injunctional order appealed from should concisely and clearly advise defendant of the ruling of the court and of the precise conduct enjoined. It fails to measure up to these requirements. The order purports to restrain defendant from "transporting school children exclusively". Grave questions are immediately presented as to the meaning of the word "exclusively". Does it mean that the injunctional order shall be operative only if all of defendant's activities, without exception, are concerned with transportation of school children? Does this exempt de-

fendant from the order if it should undertake performance of contracts with school districts in addition to continuing regular public transportation? Does this order apply only to transportation of school children and no other type of passengers in any one bus on one single trip?

■■ Even more basic, this injunction places upon defendant the onerous burden of construing the three statutory provisions above set forth and of determining, under penalties of contempt of court, precisely which provisions of the statutes and regulations are applicable and precisely how compliance is to be had. The magnitude of this task is emphasized by the fact that the regulations promulgated by the Superintendent of Public Instruction are detailed and lengthy. In addition, the enforcement of such an order by contempt process would, indeed, be a difficult task for the court. It might become tantamount to supervision of a portion of defendant's activities. Courts of chancery have traditionally, for excellent and compelling reasons, especially in case involving specific performance of contracts, declined duties of this nature. *Besinger v. National Tea Co.,* 75 Ill.App.2d 395, 401; *Ambassador Foods Corp. v. Montgomery Ward Co.,* 43 Ill.App.2d 100, 105 and *Almar F. Mach. Co. v. F. & W. Metal Forming Machinery Co.,* 301 Ill.App.2d 591, 596.

These serious and fundamental defects in the injunctional order are sufficient to necessitate its reversal. It follows that reversal of the injunctional order appealed from is proper and essential.

Order reversed.

BURKE, P. J., and LYONS, J., concur.